**Edward MARTIN, Ph.D., Plaintiff**

v.

**UNIVERSITY OF NEW HAVEN, INC. a/k/a UNIVERSITY OF NEW HAVEN Defendant.**

**No. CIV.A. 303CV1642JCH.**

United States District Court, D. Connecticut.

March 8, 2005.

Robert J. Flanagan, Jr., Cella, McKeon & Williams, North Haven, CT, for Plaintiff.

Stephen B. Harris, Wiggin & Dana, New Haven, CT, for Defendant.

### RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]

HALL, District Judge.

The plaintiff, Edward Martin, initiated this action pursuant to state common law and "various sections of Title 42 of the United State Code" in Connecticut Superior Court. Compl. [Dkt. No. 1, Ex. A]. The defendant, the University of New Ha-

ven (hereinafter, "UNH"), removed the action to this court on the grounds that this court has subject matter jurisdiction over federal questions. Notice of Removal [Dkt. No. 1] ¶ 3. Martin claims that UNH is liable for negligent infliction of emotional distress, intentional infliction of emotional distress, negligent retention and supervision of employees, and violations of his rights under the First and Fourteenth Amendments of the United States Constitution.

## I. STANDARD OF REVIEW

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White v. ABCO Engineering Corp.*, 221 F.3d 293, 300 (2d Cir.2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir.2000) (*citing Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505, and present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Graham*, 230 F.3d at 38. "This remedy

that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." *Carlton*, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. *Sologub v. City of New York*, 202 F.3d 175, 178 (2d Cir.2000).

## II. FACTS [1]

In 1995, Martin enrolled in the Doctoral Program in Management Systems (the "Program") at UNH. UNH is a private university that receives some federal funding and grant monies. After having completed and presented his dissertation, Martin received his degree on August 25, 2001. Martin claims that a number of UNH employees, all professors, stalled his academic progress while he was a student.

Martin claims that three professors harassed him because of his religion. He alleges that Dr. William S.Y. Pan suggested that the plaintiff adopt some of Dr. Pan's Chinese heritage and culture. Further, Martin alleges that Dr. Pawel Mensz commented that Martin had a "mind like a computer." Upon Martin's response that his mental abilities came from God, Dr. Mensz responded, "It doesn't come from God, it comes from David, from the Jewish religion." Deposition of Edward Martin (hereinafter "Martin Depo.") [Dkt. No. 24, Ex. A] at 22. Martin also alleges that Dr. Ben Judd asked Martin what his religion was and commented on Martin's Catholicism.

According to Martin, a number of faculty members harassed him during the course of his academic career at UNH.

---

1. For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the plaintiff where the plaintiff provides evidence to support his allegations.

Faculty members distributed "a blown up version of a photograph of Edward Martin generally in the style of a mug shot" to library staff as well as campus police." Affidavit of Omid Nodoushani [Dkt. No. 29–1, Ex. A] at 2. Martin claims that UNH faculty members deliberately delayed his presentation of his doctoral thesis, prevented him from taking classes, and harassed him on the basis of his appearance and demeanor.

## III. DISCUSSION

Martin's federal law claims are based on the alleged harassment and threatened discrimination against Margin on the basis of his religion by UNH. Martin claims that such actions were undertaken against him "under color of law and in the course of administering Federal programs." Compl. [Dkt. No. 1, Ex. A] at ¶ 12. In order for a cause of action to exist under section 1983 of Title 42 of the United States Code, any alleged deprivation of federal rights must have taken place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

UNH claims that because it is a private entity, it is not subject to suit pursuant to section 1983. Martin provides no evidentiary support for his claim that the actions allegedly taken against him occurred under color of law. A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Lipton v. The Nature Company*, 71 F.3d 464, 469 (2d Cir.1995) (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986)). Additionally, a party may not rest on the "mere allegations or denials" contained in his pleadings. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995); *see also Ying Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). In the instant case, Martin has come forward with no evidence to suggest that UNH or its employees acted under color of law.

In fact, while Martin pleads that UNH's federal funding creates a question of fact sufficient to allow him to defeat a motion for summary judgment, it is undisputable that "receipt of governmental funds does not make [a private entity's decisions] acts of the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 840, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). No law or governmental regulation compelled UNH's treatment of Martin such that this court can conclude that the alleged imposition on Martin's federal rights was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Nor is the activity engaged in by UNH, the provision of higher education, "an activity that traditionally has been the exclusive, or near exclusive, function of the State [which] has been contracted out to a private entity." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir.2004).

Martin's contention that UNH constitutes a public accommodation for the purposes of 42 U.S.C. § 2000a is similarly unavailing. For the purposes of this argument, Martin contends that UNH's cafeteria constitutes a "place of public accommodation." 42 U.S.C. § 2000a(b). Because the cafeteria is "within the premises" of UNH, Martin argues that the cafeteria constitutes a "place of public accommodation." 42 U.S.C. § 2000a(b)(4). Martin does not provide any evidence to dispute UNH's contention that the cafeteria serves only faculty, staff, and students and does

not "purport to be open to the general public in the ways, that for example, hotels, restaurants and movie theaters (all establishments explicitly covered by Title II) do." *Harless v. Darr*, 937 F.Supp. 1351, 1354 (S.D.Ind.1996) (finding that public schools do not constitute public accommodations for the purposes of 42 U.S.C. § 2000a).

 Having found that Martin's federal claims cannot survive UNH's Motion for Summary Judgment, this court must determine whether to maintain supplemental jurisdiction over Martin's state law claims pursuant to 28 U.S.C. § 1367, which provides that this court "may decline to exercise supplemental jurisdiction over a claim ... if ... [it] has dismissed all claims over which it has original jurisdiction." Consideration of Martin's remaining claims requires resolution of questions of state law. These include the applicability of the continuing course of conduct doctrine outside of the medical malpractice arena and the question of whether UNH's alleged actions constitute intentional infliction of emotional distress under Connecticut's common law standard. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, (2d Cir.2003) (maintaining jurisdiction over state law claims constitutes abuse of discretion where federal questions are dismissed and unsettled state law questions remain). Whether to maintain jurisdiction over state law claims following dismissal of federal claims on summary judgment is in the court's discretion; "the

exercise of supplemental jurisdiction is left to the discretion of the district court." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994); *see also Palmieri v. Lynch*, 392 F.3d 73 (2d Cir.2004) (affirming district's court's grant of summary judgment on federal claim and refusal to exercise supplemental jurisdiction on state-law claim). Accordingly, the court declines to exercise supplemental jurisdiction and the case is remanded to the Connecticut Superior Court, in which it was originally filed. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see, e.g., Crowley v. First Step, Inc.*, Ruling and Order, No. 3:04 CV 1486(MRK) (D.Conn., December 6, 2004); *Connelly v. Federal Nat'l Mortgage Ass'n*, 251 F.Supp.2d 1071 (D.Conn.2003).

### IV. CONCLUSION

Accordingly, the defendant's Motion for Summary Judgment [Dkt. No. 23] is GRANTED, in part, with respect to Count Five of the Complaint. Counts One, Two, Three and Four of the Complaint are REMANDED.

**SO ORDERED.**